IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
NOV 3 0 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**CLIFTON SPARKS,**

Petitioner,

v.                                                      Civil Action No. **3:17CV392**

**CIRCUIT COURT OF CHESTERFIELD VIRGINIA,**

Respondent.

## REPORT AND RECOMMENDATION

Clifton Sparks, a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the County of Chesterfield, Virginia (hereinafter, "Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

### A.      Procedural History and Sparks's Claims

Following a bench trial, the Circuit Court convicted Sparks of five counts of possession of a schedule I or II controlled substance with the intent to distribute, and one count of possession of a schedule III controlled substance with the intent to distribute, and sentenced him to an active term of three and a half years of incarceration. (ECF No. 12–1, at 3–4.)[1] Sparks appealed. On April 9, 2014, the Court of Appeals of Virginia denied his Petition for Appeal because counsel failed to file the transcripts with the court in a timely fashion. (ECF No. 12–2, at 1–3.) Sparks did not appeal that decision to the Supreme Court of Virginia.

---

[1] The Circuit Court's Sentencing Order is confusing; however, it appears from the record that on July 15, 2013, Sparks was sentenced to an active term of three and half years on each count to be served concurrently. (ECF No. 12–1, at 6–8.) Sparks was no longer incarcerated at the time he filed his § 2254 Petition on May 24, 2017.

At this point, Sparks's state procedural history diverts from the typical progression of post-judgment proceedings in state court. On June 11, 2014, Sparks filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Sparks v. Superintendent of Riverside Reg'l Jail*, No. CL14HC1907 (Va. Cir. Ct. filed June 11, 2014); *(see also* ECF No. 12–3, at 1–14). In his habeas petition, Sparks raised the following claims:[2]

Claim a:    "Ineffective assistance of counsel, incompetency, negligence" (ECF No. 12–3, at 4), when counsel failed to call witnesses to demonstrate that Sparks did not live at the address where the search warrant was executed, failed to pursue an argument that the officer lied about breaking into a safe, continued Sparks's sentencing without his consent, failed to communicate with Sparks before sentencing, ignored Sparks's request for a mistrial, and failed to file the Circuit Court transcripts with the Court of Appeals of Virginia in a timely manner. *(Id.* at 7–9.)

Claim b:    "Constitutional and *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] violations." *(Id.* at 4.) The prosecution failed to disclose to Sparks information, which was subsequently contained in the presentence report, about how Officer Duquette obtained the search warrant before the suppression motion was filed or before trial. *(Id.* at 10–11.)

Claim c:    "Insufficient evidence to convict." *(Id.* at 4.)

Claim d:    "Jurisdictional defects." *(Id.)*

Claim e:    "Extraordinary dereliction." *(Id.)*

By Order entered on September 3, 2014, the Circuit Court granted the portion of Claim a wherein Sparks alleged his counsel was ineffective for failing to perfect his appeal, and dismissed the remainder of his claims. (ECF 12–4, at 3, 14–15.) Sparks did not appeal the Circuit Court's decision to the Supreme Court of Virginia. On September 22, 2014, the Court of Appeals of Virginia granted Sparks the ability to file a belated appeal. *Sparks v. Commonwealth*, No. 1977–14–2, at 1 (Va. Ct. App. Sept. 22, 2014).

---

[2] To the extent possible, the Court corrects the punctuation, spelling, and capitalization in the quotations of Sparks's submissions.

On October 1, 2014, Sparks filed a second petition for writ of habeas corpus, this time in the Supreme Court of Virginia. (ECF No. 12–5, at 1–4.)  In his second habeas petition, Sparks raised the following claims:[3]

| | | |
|---|---|---|
| Claim a: | "Constitutional and *Brady* violations."  (*Id.* at 3.)  A different judge presided over portions of Sparks's criminal proceedings and that allowed errors to occur.  (*Id.* at 9–11.) | |
| Claim b: | "Ineffective assistance of counsel."  (*Id.* at 3.) | |
| Claim c: | "Perjury (amendment)."  (*Id.*)  Officer Regan lied about how he got into the safe.  (*Id.* at 15–16.) | |
| Claim d: | "Insufficient Evidence."  (*Id.* at 3.) | |
| Claim e: | "Jurisdictional Defect."  (*Id.*)  The Court of Appeals of Virginia and the Circuit Court prejudiced Sparks with their rulings pertaining to the filing of transcripts.  (*Id.* at 17.) | |
| Claim f: | "Extraordinary Dereliction."  (*Id.* at 3.)  Many procedural errors happened in his criminal and civil cases.  (*Id.* at 18–19.) | |

On July 9, 2015, the Supreme Court of Virginia dismissed Sparks's second habeas petition as successive and barred from review, pursuant to section 8.01–654(B)(2) of the Virginia Code. *Sparks v. Superintendent of Riverside Reg'l Jail*, No. 141441, at 1 (Va. July 9, 2015).[4]

On February 23, 2015, Sparks filed a Petition for Appeal in the Court of Appeals of Virginia. *Sparks v. Commonwealth*, No. 151608 (Va. Ct. App. filed Feb. 23, 2015).  On March

---

[3] Sparks submitted extra pages with his habeas petition with argument in support of each claim.  However, this supporting argument is mostly rambling and incoherent.  The Court only includes portions of supporting argument that assists in explaining the claim.

[4] In addition to Sparks's habeas petitions challenging his convictions for possession of controlled substances with the intent to distribute, Sparks apparently filed another habeas petition in the Supreme Court of Virginia challenging the judgment of the Chesterfield General District Court where he was convicted of driving with a revoked or suspended sentence. *See* Petition for Writ of Habeas Corpus at 2, *Sparks v. Superintendent of Riverside Reg'l Jail*, No. 150227 (Va. filed Feb. 4, 2015).  Sparks's separate conviction in the General District Court is not before the Court in the instant § 2254 Petition.

26, 2015, Sparks filed an Amended Petition for Appeal in the Court of Appeals of Virginia

raising the following claims:

Claim I: "The Court erred by denying Petitioner's motion to suppress evidence produced by a search warrant that was unduly delayed and for which probable cause no longer existed." (ECF No. 12–6, at 9 (capitalization corrected).)

Claim II: "The trial court abused its discretion by admitting lab reports over Petitioner's objection that the chain of custody was broken." (*Id.* (capitalization corrected).)

Claim III: "The Commonwealth failed to provide sufficient evidence that Petitioner possessed the items found in the residence or that the items were contraband." (*Id.* (capitalization corrected).)

On June 23, 2015, the Court of Appeals of Virginia denied Sparks's Petition for Appeal.

(*Id.* at 1.) Sparks appealed, raising only what appears to be Claim 1 from his Petition for Appeal

filed in the Court of Appeals of Virginia. Petition for Appeal at i, *Sparks v. Commonwealth*, No.

151608 (Va. filed Oct. 22, 2015). On June 15, 2016, the Supreme Court of Virginia refused the

petition for appeal. (ECF No. 12–7, at 1.)

In his § 2254 Petition, Sparks argues that he is entitled to relief based upon the following

claims, stated here in sum:

Claim One: "The petitioner['s] Sixth and Fourteenth U.S.C.A were violated. Representation violated numerous state and federal statutes, such as excluding favorable mitigating witnesses testimony and evidence, violated the confraction [sic] clause, made sentencing phase 'fundamentally unfair' to the petitioner, and representation degates [sic] at conviction made in itself." (§ 2254 Pet. 6.)

Claim Two: "Petitioner['s] Fourth, Fifth, and Fourteenth United States Constitutional Amendment Right[s] were violated. Petitioner was subjected to misconduct, conflicting prosecution testimony and omitted mertious [sic] evidence. By obtaining omitted evidence led to numerous violation[s] of due process and civil liberties protected by state and federal law and statutes. The entities representing the state of Virginia ignored law and statutes in obtaining and maintaining the conviction in case #CR12FO2462–01–06." (*Id.* at 8.)

4

Claim Three:  "Evidence presented by state of Virginia was constitutionally insufficient to prove guilt beyond a reasonable doubt.  The conviction obtained by state of Virginia in case #CR12FO2462 01–06 lacked support of interferences [sic] and insufficient evidence.  Which was in direct conflict of state and federal law and statutes of circumstantial evidence and constructive possession." (*Id.* at 9.)

Claim Four:  "Petitioner['s] Sixth and Fourteenth United States Constitutional Amendment rights violated.  The state entities directly caused 'procedural defaults' in preserving and presenting meritous [sic] claims in the petitioner's appeals.  The state of Virginia violated federal law in the petitioner's attempted timely acquisition of appeal." (*Id.* at 11.)

Respondent moves to dismiss, *inter alia*, on the grounds that Claims One, Two, and Four are defaulted, and that Claim Three lacks merit.  Despite the provision of *Roseboro*[5] notice, Sparks filed no response to the Motion to Dismiss.[6]  For the reasons set forth below, it is RECOMMENDED that the Motion to Dismiss be GRANTED, the § 2254 Petition be DENIED, and the action be DISMISSED.

**B.    Exhaustion and Procedural Default**

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  State exhaustion "is rooted in considerations of federal-state comity" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)).  The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation

---

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[6] After the Court issued an order asking Sparks to notify the Court of his ongoing interest in prosecuting the action, Sparks filed a "REPLY TO THE MEMORANDUM ORDER." (ECF No. 16.)  This submission is not a Reply to the Motion to Dismiss but merely claims that he is entitled to relief and desires his petition to "continue[] to next stage." (*Id.* at 1.)

marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and

6

'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[7] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Sparks failed to present to the Supreme Court of Virginia Claims One, Two, and Four of the instant § 2254 Petition.[8] If Sparks now attempted to raise Claims One, Two, and Four in the Supreme Court of Virginia in a habeas petition, that habeas petition would be barred as successive pursuant to section 8.01–654(B)(2) of the Virginia Code,[9] and as untimely pursuant to section 8.01–654(A)(2) of the Virginia Code.[10] Virginia's statute of limitations for habeas

---

[7] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[8] Sparks's claims are extremely vague and do not appear to correspond to the claims he raised before any state court. To the extent that he raised any of his claims in his habeas petition filed in the Circuit Court, he failed to file an appeal of this habeas petition to the Supreme Court of Virginia. Thus, he failed to fairly present these claims to the Supreme Court of Virginia. *Baker*, 220 F.3d 276 at 289. Moreover, the Supreme Court of Virginia found his second original habeas petition successive and barred from review, and any claims raised therein would also be barred from review here. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000).

[9] This statute provides, in relevant part:

Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code Ann. § 8.01–654(B)(2) (West 2017).

[10] This statute provides:

7

actions and the bar on successive habeas petitions are adequate and independent procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). As discussed below, Sparks fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice.

For Claim Four, Sparks indicates that his claim "[w]as not cognizable at time." (§ 2254 Pet. 11.) Sparks fails to explain and the Court fails to discern how this statement advances a basis for excusing his default. Accordingly, it is RECOMMENDED that Claim Four be DISMISSED.

For Claims One and Two, Sparks failed to fill in the § 2254 Petition form where it asks: "If you did not exhaust your state remedies . . . , explain why." (§ 2254 Pet. 6, 8.) Thus, Sparks truly fails to offer any cause for his default of his claims. Further down the § 2254 Petition form in the "Direct Appeal" section, Sparks indicates that "[c]ounsel refused to raise meritous [sic] issue" (*id.* at 7), and "[c]ounsels neglected to raise this meritous [sic] issue on either appeals." (*Id.* at 8.) In the "Post-Conviction Proceedings" section, Sparks vaguely states "[c]ounsels' refused to address merit claim." (*Id.* at 7; *see id.* at 9.) Thus, the Court construes Sparks to argue that counsel is the cause for his default of Claims One and Two. While the Court believes that Claims One and Two are unexhausted and defaulted, in light of *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the fact that Sparks had no counsel at his "initial-review collateral proceeding" may establish cause for the procedural default of these

---

A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2017).

claims. *Martinez*, 566 U.S. at 16. As discussed below, Sparks fails to identify which counsel or during what stage of his criminal proceedings he believes counsel "refused to address" his claim. (§ 2254 Pet. 7, 9.)

**C.    Counsel Fails to Serve As Cause for Default**

   **1.    Trial Counsel**

   In Claim One, it appears that Sparks intends to raise a claim of ineffective assistance of counsel claim stemming from events at trial. To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

   Counsel cannot be faulted for failing to advance the arguments Sparks makes in Claim One. Sparks argues that counsel "violated numerous state and federal statutes, such as excluding favorable mitigating witnesses testimony and evidence, violated the confraction [sic] clause, made sentencing phase 'fundamentally unfair' to the petitioner, and representation degates [sic] at conviction made in itself." (§ 2254 Pet. 6.) Sparks's terse and conclusory allegations fail to demonstrate deficient performance or prejudice under *Strickland*. *United States v. Terry*, 366

9

F.3d 312, 316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory testimony); *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (requiring proffer of mitigating evidence to state claim of ineffective assistance); *see Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas relief appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Thus, trial counsel cannot serve as the cause for Sparks's default of Claim One. *See Royal v. Netherland*, 4 F. Supp. 2d 540, 551 (1998) (citation omitted) (explaining that "[a]n action or omission by a defendant's lawyer constitutes 'cause' for a procedural default only if it rises to the level of constitutionally ineffective assistance of counsel").

> In Claim Two, Sparks claims that he
>
> was subjected to misconduct, conflicting prosecution testimony and omitted mertious [sic] evidence. By obtaining omitted evidence led to numerous violations of due process and civil liberties protected by state and federal laws and statutes. The entities representing the state of Virginia ignored law and statutes in obtaining and maintaining the conviction . . . .

(§ 2254 Pet. 8.) Once again, Sparks makes conclusory allegations without any specific factual support that fail to demonstrate deficient performance of counsel or resulting prejudice under *Strickland*. *Bassette*, 915 F.2d at 940–41; *Sanders*, 373 U.S. at 19. Trial counsel cannot serve as the cause for Sparks's default of Claim Two. *See Royal*, 4 F. Supp. 2d at 551.

### 2. Appellate Counsel

Sparks also vaguely suggests that appellate counsel failed to raise either Claim One or Claim Two on appeal, and that serves as the cause for the default of these claims. Just as the Court explained in conjunction with Sparks's allegations regarding his trial counsel, Sparks's terse and conclusory allegations in Claims One and Two fail to demonstrate deficient performance or prejudice. Moreover, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally

demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). A presumption exists that appellate counsel "decided which issues were most likely to afford relief on appeal." *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).

Counsel certainly cannot be faulted for failing to advance the vague, undeveloped, and potentially expansive arguments that Sparks hints at in Claims One and Two. Sparks fails to demonstrate the clear strength of his claims compared with the stronger claims pursued on appeal by counsel, and thus, demonstrates no deficiency of appellate counsel or resulting prejudice. Appellate counsel fails to serve as the cause for the default of Claims One or Two. *See Royal*, 4 F. Supp. 2d at 551.

Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED.

**D. The Applicable Constraints Upon Federal Habeas Review**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted

only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

**E.     Sufficiency of the Evidence**

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

In Claim Three, Sparks argues that insufficient evidence existed to convict him of all six drug distribution counts. He contends that his convictions "lacked support of interferences [sic]" and "was in direct conflict of state and federal law and statutes of circumstantial evidence and

12

constructive possession." (§ 2254 Pet. 9.) Generously construing Sparks's habeas petition, Sparks argues that insufficient circumstantial evidence existed to show that he was in constructive possession of the drugs.

Sparks raised this claim in his amended petition for appeal in his belated appeal to the Court of Appeals of Virginia. (ECF No. 12–6, at 9.) It is unclear whether Sparks raised this exact claim in his petition for appeal to the Supreme Court of Virginia. Nevertheless, because Respondent does not argue that Sparks defaulted this claim, the Court assumes this claim was properly exhausted.

The evidence at trial established that Detective Duquette of the Chesterfield Police Department was investigating Sparks around the time of May 17, 2012. (Feb. 14, 2013 Tr. 13–15.) Based on his investigation and a confidential informant's purchase of cocaine from a person in the residence (ECF No. 12–6, at 3), Detective Duquette executed a search warrant for the address 7512 Valencia Road. (Feb. 14, 2013 Tr. 16.)[11] The search resulted in the discovery of marijuana, various pills, cocaine, digital scales, sandwich bags (Feb. 14, 2013 Tr. 23–25), and $2,141.00 in cash (Feb. 14, 2013 Tr. 32), among other items. *See* Certificate of Analysis at 1–5, *Commonwealth v. Sparks*, Nos. CR12F02462–01 through –06 (Va. Cir. Ct. filed July 23 & 28, 2012.)

In finding sufficient evidence to convict Sparks, the Court of Appeals of Virginia explained:

> "To support a conviction based on constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion

---

[11] Much of the information leading up to the execution of the search warrant must have been fleshed out prior to trial. It is evident that the Chesterfield Police Department conducted controlled buys of cocaine from Sparks, including at least one buy at the address where the search warrant was executed and cocaine was found. (Dec. 10, 2012 Tr. 5, 8.)

and control.'" *Glasco v. Commonwealth*, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citation omitted) (emphasis added). . . . "Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs. Ownership or occupancy of the [location] in which drugs are found is likewise a circumstance probative of possession. In resolving this issue, the court must consider the totality of the circumstances disclosed by the evidence. *Id.* at 744, 497 S.E.2d at 155 (internal citations omitted).

*Birdsong v. Commonwealth*, 37 Va. App. 603, 607–08, 560 S.E.2d 468, 470–71 (2002).

Upon executing the search warrant for the residence, the record shows that after three knocks on the door of the residence, appellant answered the door. Three people were in the home: appellant, a bed-ridden woman, and her caregiver. [Detective] Duquette noted that appellant came to the door wearing no shoes. All of the seized drugs came from one bedroom. The bedroom contained only male clothing and a wallet that held a driver's license issued to appellant, though at a different address, and a credit card bearing appellant's name.

Appellant testified that he did not live at the residence. Appellant recounted that he was at the residence to pick up the caregiver, who also cared for his mother. The owner of the residence did not appear in the trial court. Appellant stated that he was wearing sandals when he answered the door, but when the police confronted him, they came off his feet. Appellant further claimed that he had multiple copies of his driver's license because he often lost them and that the credit card was expired. When asked for a reason why his license and credit card were in the bedroom, appellant explained that the caregiver "had found" a "number of items" "when she cleaned up" and that he did not know how she had the credit card since it had expired. Appellant claimed that he was not using the license found in the wallet, but another of his multiple copies. Appellant would not speculate as to why the caregiver put the wallet with his license and credit card in the bedroom that contained all the drugs and other items associated with the distribution of drugs. Appellant conceded that he is a convicted felon.

The trial court found appellant's testimony to be incredible. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Marable v. Commonwealth*, 27 Va. App. 505, 509–10, 500 S.E.2d 233, 235 (1998). We will not disturb the trial court's credibility finding on appeal. Having found that appellant's explanation for the presence of his wallet with his license and credit card was incredible, the evidence supported the trial court's determination that appellant exercised dominion and control over that bedroom and the contents therein. Accordingly, the trial court did not err by denying appellant's motions to strike the

14

> Commonwealth's evidence and the evidence was sufficient to support the
> convictions.

(ECF No. 12–6, at 5–6.)

In Claim Three, Sparks only vaguely suggests that the evidence was insufficient to show that he had constructive possession of the drugs found in the bedroom of the residence. (§ 2254 Pet. 11.) To the contrary, compelling circumstantial evidence existed that Sparks exercised control over the items in the bedroom. When police executed the search warrant, only Sparks, an elderly bedridden woman, and her caregiver were present. Sparks answered the door and was wearing no shoes. Detectives found a male's clothing and Sparks's wallet, containing his driver's license and a credit card in his name, in the bedroom where the drugs were found. The Circuit Court found Sparks's explanation for the presence of his wallet in the bedroom with the drugs was incredible. Thus, after reviewing the evidence and the credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found" that Sparks possessed the drugs found in the residence with the intent to distribute. *Jackson*, 443 U.S. at 319 (citing *Johnson*, 406 U.S. at 362). Accordingly, it is RECOMMENDED that Claim Three be DISMISSED.

**F.      Conclusion**

For the foregoing reasons, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 12) be GRANTED, Sparks's claims be DISMISSED, and his § 2254 Petition be DENIED.

Sparks is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude

15

further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Sparks and counsel of record.

It is so ORDERED.

                                      /s/

Roderick C. Young
United States Magistrate Judge

Date:  November 30, 2017
Richmond, Virginia

16